[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO RECONSIDER (#113)
In paragraph one of his motion, the defendant makes two requests. In the first he asks for an increase in the amount of the court's order for the defendant to receive $20,000.00 as set forth in paragraph 3, page 6 of the Memorandum of Decision dated September 6, 1991. Secondly, the defendant seeks a specific date of payment of the $20,000.00 or any increase that might be awarded by the court.
Replying first to the second of the above requests, there is a date and it is governed solely by the plaintiff and her actions. The property was awarded to her principally for her to make a home for herself and her four children so that they might reside in the home as a family and to assist her in raising her children. She and the defendant had made it their home where they enjoyed it together and where members of his family and her children also found a home. Unfortunately the dissolution leaves it to her and the children to enjoy unless one of the specified events occurs during the defendant's lifetime. In that situation he is to get a sum of $20,000.00. This I conceived to be the fair and equitable disposition of the residential property in the overall disposition of the assets under the control of the parties. I reflected then and now and do not believe a change is warranted. This request, therefore, is denied.
What I have said regarding the first request is equally applicable to the second request. Thus the second request is also denied.
Next, the defendant asks the court to vacate an order in paragraph 6, page 7 of the Memorandum of Decision. This order awards $10,000.00 to the plaintiff payable in two equal amounts over 180 days. It is in settlement of an award of the plaintiff's interest in a limited partnership acquired during the marriage albeit specifically from inherited funds of the defendant. The statute dealing with the division of property in dissolution cases is 46b-81. The pertinent language of 46b-81 is clear, not ambiguous:
 "(a) At the time of entering a decree dissolving a marriage . . ., the superior court may assign to either the husband or wife all or any part of the estate of the other."
With respect to the award of the residential home and the $20,000.00 payment therein, while both orders are within the overall contemplation of the court in fashioning all of the orders, there still are different considerations as I have endeavored to point out. This request is also denied. CT Page 9329
Next the defendant requests a modification of the court's order found in paragraph 13, page 8 of the Memorandum of Decision. I do not believe that I can now re-open and change that order simply because on additional reflection I come to the conclusion that perhaps we should let the defendant have more of the items requested. In defense of myself, I do believe that I did give him fair consideration considering his request for 93 different items which had become a part of the residence and had been shared by both creating lasting impressions and memories and which create painful voids when removed from one or the other.
The request for return of additional items of property to the defendant by way of further order of the court is denied. However, a strong recommendation is made to the plaintiff to seriously consider returning to the defendant a greater number of articles of personal property originally requested by him in his written list.
The request contained in paragraph 4 of the defendant's Motion To Reconsider regarding payment of fees to plaintiff's counsel is denied.
John Ottaviano, Jr. State Trial Referee